FILED

JUN 27 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| In Re: LEXINGTON INSURANCE COMPANY SUBPOENAS | § § § § § § § § § § § § |

SA19MC0758

CIVIL ACTION NO. _____

## SANDPIPER CONDOMINIUM COUNCIL OF OWNERS, INC.'S MOTION FOR PROTECTION OR TO MODIFY AND/OR QUASH CONCERNING SUBPOENAS ISSUED BY LEXINGTON INSURANCE COMPANY FOR MICHAEL MANSUETO AND MICHAEL SMILEY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW SANDPIPER CONDOMINIUM COUNCIL OF OWNERS, INC. ("Sandpiper" or "Plaintiff"), Plaintiff in Civil Action No. 2:18-CV-00414 pending in the Corpus Christi Division of the Southern District of Texas, with the consent of Michael Smiley and Michael Mansueto (collectively "respondents"), and pursuant to the Federal Rules of Civil Procedure, including Rules 26 and 45, files this motion in connection with the above referenced document production subpoenas served on respondents, its officers or representatives, by LEXINGTON INSURANCE COMPANY ("Lexington"), Defendant in said Civil Action, and would show as follows:

1. The subpoenas directed to respondents are attached as Exhibits A-1 and A-2. Plaintiff and respondents reserve the right to seek additional relief in the form of additional motions to quash or modify, or for protective order, or by way of assertion or claim of privilege or protection from discovery, or otherwise.

2. Subject to such reservation of rights, Plaintiff and respondents have objected to the subpoenas referenced herein and asserted privilege and protection from disclosure with respect to same as per the attached Exhibit B, which is incorporated herein for all purposes.

3. On its face, Rule 45(d)(3)(A)(iii) requires that a court "must quash or modify a subpoena that...requires disclosure of privileged or protected matter, if no exception or waiver applies..." Moreover, under Rule 45(d)(3)(A)(i)-(iii) a court must protect one subjected to a subpoena from undue burden or from failing to allow a reasonable time to comply, and Rule 45(d)(1) requires that the court "must enforce" the duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena.

4. On May 28, 2019, Defendant served Plaintiff's counsel with document production subpoenas for respondents, whom Defendant knows to be officers, board members, owner members, and/or former officers or board members of Plaintiff. In fact, Defendant requested Plaintiff's counsel to accept service of such subpoenas on behalf of the respondents, which Plaintiff's counsel agreed to do. The subpoenas each state a response date in this district an division of June 28, 2019. The subpoenas are attached as Exhibits A-1 and A-2.

5. Plaintiff was sent notice of the subpoenas on May 28, 2019, and Plaintiff's and the respondents' objections were filed within 14 days thereafter under Rule 45(d)(2)(B) (formerly Rule 45(c)(2)). Such rule provides protection from overbroad subpoenas that place upon a respondent the "burdensome task to provide full information regarding that person's claims to privilege or work product protection. Such a person is entitled to protection that may be secured" by such objections. F.R.C.P. 45- Advisory Committee Note 33. Compliance with the subpoenas for Messrs. Smiley and Mansueto would be unreasonable and oppressive and involve undue burden and expense under the circumstances of this

case and would violate the requirement of proportionality, where Defendant knows that such witnesses are management officers, agents, principals, and/or representatives of the Plaintiff, and knows that a substantial portion, if not all, of the documents sought are privileged, protected from discovery, or have already been objected to or responded to by Plaintiff after searching them for any applicable privileges or other bases for non-disclosure.

6. Such subpoenas, on their face and otherwise, seek information that is privileged from disclosure or subject to protection as work product or trial preparation materials, and in fact, most or all of the information sought is duplicative of requests for documents served upon Plaintiff and as to which Plaintiff has already asserted and claimed such privileges and protection. For example, Plaintiff has already responded to over 50 overbroad document requests concerning the same subject matter, as well as numerous document production subpoenas directed to its agents, consultants, contractors, or representatives. In this connection, Plaintiff here incorporates by reference as if fully set forth at length Plaintiff's Responses to Lexington's First Set of Document Requests.

7. In response to such requests, Plaintiff has asserted and claimed privilege and protection from disclosure of work product, attorney-client communications, and materials protected from disclosure under Rule 26(b)(3) and Rule 26(b)(4). Plaintiff has provided logs and specifically claimed that Plaintiff's anticipation of litigation in this case occurred on or before March 8, 2018, at which time the Board of Directors and Management of Plaintiff decided to pursue possible litigation and interview attorneys for that purpose.

8. The subpoenas directed to respondents seek, on their face, to obtain the same obviously privileged material by attempting to improperly circumvent the

objections and claims of privilege already made by Plaintiff in response to Rule 34 Requests for Documents, and to improperly use Rule 45 to avoid the requirements of Rule 34. Category #15 of the documents sought seeks "All documents concerning all communications between Sandpiper and…(among many others) Plaintiff's Counsel" concerning the property or the claim. "Sandpiper" is defined to include the plaintiff organization "and any employees, agents, or other representatives or person acting on its behalf or under its direction…" just as it was so defined in Defendant's previous Rule 34 Requests for Documents. "Plaintiff's Counsel" is defined to include "any attorney or their employees, agents, principals,…or other representative or person acting on their behalf, including but not limited to, The Snapka Law Firm, William "Bill" Chriss, Kathryn Snapka, and Ken Fields." Mr. Fields represented Plaintiff for years on various matters prior to the Snapka Law Firm.

9. The subpoenas in other respects repeat requests for documents made to Plaintiff and previously objected to, for essentially any documents concerning the property or the claim or the hurricane, some without temporal limit and some reaching back from 2005 to date, including internal communications between members and management of the Plaintiff, and communications between Plaintiff and its engineers, management team, and consultants after the anticipation of litigation in this case, as well as now intentionally seeking information known by Defendant to be attorney-client privileged. Rule 501, F.R.E. provides that such privilege is governed by the law of Texas, since this is a diversity case. Texas law provides that a client has the right to refuse to disclose and prevent any other person from

disclosing essentially any communication made between a lawyer and a client representative or made between client representatives themselves "made to facilitate the rendition of professional legal services to the client." Texas Rule of Evidence 503(b)(1). Similarly, Tex. R. Civ. P. 192.5 any material prepared or developed in anticipation of litigation by, or communication made in anticipation of litigation by or between a party's attorneys, representatives, consultants, sureties, indemnitors, insurers, employees, or agents is privileged from disclosure, and an assertion that material or information is protected from discovery on this basis "is an assertion of privilege" under Texas law. T.R.C.P. 192.5(d). Under the federal rules, in any diversity case, state law governs privileges, i.e., what is and is not privileged. F.R.E. 501; *In re Sealed Case Med. Records*, 381 F.3d 1205, 1212 (D.C. Cir. 2004); *Motley v. Marathon Oil*, 71 F.3d 1547, 1551 (10th Cir. 1995).

10. Michael Smiley is the President of Plaintiff. Michael Mansueto is a former board member of Plaintiff and currently serves on the Board's Insurance Working Group/Committee. All three respondents are member owners of the Plaintiff and representatives of Plaintiff. Under the condominium association bylaws, owners are members of the incorporated association and may be called upon to indemnify the association for damage or loss. Both respondents are in positions where their communications with Sandpiper's counsel are with client representatives in furtherance of counsel's representation of the client.

11. Defendant knows of Plaintiff's prior assertions of privilege and protection from discovery as to all document requests in the subpoenas, knows that the respondents are officers, directors, agents, members, and/or principals of the Plaintiff

organization, and knows it is seeking by the instant subpoenas information previously objected to and/or withheld under claim of privilege. Defendant has declined to modify or withdraw the subpoenas without court intervention, other than to propose that Plaintiff not prepare a privilege log as to items generated after the lawsuit was filed.

12. More specifically in response to the subpoenas, Plaintiff and respondents claim privilege and protection from disclosure and will withhold or seek to withhold or have withheld from production material attorney-client privileged or subject to protection as work product or trial preparation material, or under Rule 26(b)(3) or Rule 26(b)(4), describing the nature of the documents, communications, or electronically stored information as follows: All documents and information reflecting or containing communications among attorneys representing Sandpiper and/or respondents; all documents and information reflecting or containing communications between attorneys representing Sandpiper and/or respondent and Sandpiper or its consultants or agents, including its management agent CCMS and respondent, officers, board members, and owner members, Borden Insurance, South Texas Contracting, Frank Konvicka, Hanson Engineering, or other expert witnesses or consultants and their respective employees after Sandpiper anticipated litigation in this case, which was on or before March 8, 2018; all documents and information reflecting or containing communications between or among such attorneys and Sandpiper representatives, consultants, or agents, including but not limited to respondents, officers, board members, and owner members, Borden Insurance, South Texas Contracting, Frank Konvicka, Hanson Engineering, or

other expert witnesses or consultants after Sandpiper anticipated litigation in this case, which was on or before March 8, 2018; and all documents and tangible things prepared after anticipation of litigation by or for Sandpiper or its lawyers, representatives or agents, including respondents and all principals, owner members, expert consultants, or managers or employees of Plaintiff.

13. Plaintiff and respondents object to any request or requirement that Plaintiff or the respondents provide any greater specificity in the form of a privilege log beyond that which has already been provided herein and before, and further object to providing any further privilege logs after the commencement of this action or after the anticipation of this litigation because it would be burdensome, oppressive, and not proportional to the needs of the case to require same, as evidenced by Lexington's own refusal to "provide any privilege log as to documents after the commencement of this action." (*See* Defendant's Responses to Plaintiff's First Requests for Production of Documents to Defendant Lexington Insurance Company, p. 5). Such would involve undue burden and expense in the circumstances of this case and would violate the requirement of proportionality, in addition to inadvertently revealing privileged or protected information.

14. Under these circumstances, compliance with the subpoenas would be unreasonable and oppressive and involve undue burden and expense. Because of the overbroad nature of the requests for documents, they seek massive amounts of irrelevant information. The defendant has no need for the information because: it has already requested it once and received relevant responsive unprivileged documents; the requests are overbroad seeking information irrelevant to any determination of the

issues in the case which are based upon the amount necessary to repair damage to the building from Hurricane Harvey, as witnessed by the fact that the Defendant did not ask for any of the information for the first 16 months it was handling Plaintiff's claims for hurricane damage. The document requests do not describe any category of documents with any degree of particularity, prefacing each category with the phrase "all documents concerning…" a broad plethora of subjects including essentially anything having to do with the building, the hurricane, or the claim. As such, they amount to nothing more than a fishing expedition an impermissible attempt to obtain any document which could conceivably be tangentially related to any issue in the case. It will be expensive and inconvenient for the respondents, who are not individually represented by undersigned counsel but join in these objections pro se, to search for, identify, determine the confidentiality of, and produce responsive documents. Finally, any subpoena presents an undue burden when the subpoena is facially overbroad as these subpoenas clearly are.

15. For example, Michael Mansueto is a Clinical Associate Professor at the UTSA Health Science Center and has been scheduled for some time to be out of the country or on vacation during this summer. Specifically, while the subpoena issued for him requests that he produce documents by June 28, 2019, he will only be in the State of Texas for two days between June 9, 2019 and June 27, 2019 due to previously scheduled trips out of state. In addition, Plaintiff and the respondents will incur unreasonable and unnecessary expense in purchasing portable devices to store electronic information or make copies and should not be subjected to same

under the circumstances. Michael Smiley will also be on vacation for portions of the time allotted for gathering documents and responding.

16. All parties and witnesses are notified that if material subject to these claims of privilege or protection from disclosure is produced in response to subpoena, any party receiving the information must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claims are resolved; must take reasonable steps to retrieve the information if further disclosed; and may promptly present the information to the court under seal for a determination of the claim.

17. Plaintiff moves that the subpoenas be quashed, or in the alternative modified to, among other things, not request privileged information and not make overbroad requests for documents.

18. Plaintiff advises the court that a similar motion for protective order has been or is being filed in the issuing court, which is already familiar with the issues raised herein and has already determined that the subpoenas are overbroad in some respects, and that the respondents consent to transfer of this motion to such court, as signified by their electronically signed consents below.

19. Plaintiff reserves all rights under prior assertions and claims of privilege in this case.

Respectfully submitted,

**THE SNAPKA LAW FIRM**
606 N. Carancahua, Suite 1511
P.O. Box 23017
Corpus Christi, Texas 78403
Telephone: (361) 888-7676
Facsimile: (361) 884-8545

**Kathryn Snapka**
State Bar No. 18781200
Email: ksnapka@snapkalaw.com
**ATTORNEYS FOR SANDPIPER**

## CERTIFICATE OF CONSENT TO TRANSFER MOTION TO ISSUING COURT

Our signatures below certifies my consent for the court to transfer to the court in Corpus Christi where the subject subpoenas were issued Sandpiper's motion or motions for protection or to modify or quash concerning subpoenas issued by Lexington Insurance Company for Michael Mansueto and Michael Smiley.

Michael Mansueto, *pro se*

## CERTIFICATE OF CONSENT TO TRANSFER MOTION TO ISSUING COURT

My signature below certifies my consent for the court to transfer to the court in Corpus Christi where the subject subpoenas were issued Sandpiper's motion or motions for protection or to modify or quash concerning subpoenas issued by Lexington Insurance Company for Michael Mansueto and Michael Smiley.

Michael Smiley, *pro se*

## CERTIFICATE OF CONFERENCE

My co-counsel in the underlying case, William J., Chriss, conferred on the subject of this motion with opposing counsel Diana McMonagle by telephone on May 30, 2019 and by email on May 28 and May 30, 2019, and also with opposing counsel James Dennis on June 26, 2019 in a promotion conference in the issuing court and counsel cannot agree about the disposition of this motion.

Kathryn Snapka
Attorney-In-Charge for Movant

## CERTIFICATE OF SERVICE

This is to certify that, on June 27, 2019, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

Raymond L. Gregory II
EGGLESTON & BRISCOE, LLP
4800 Three Allen Center
333 Clay Street
Houston, Texas 77002
rlg2@egglestonbriscoe.com

Wayne R. Glaubinger
James M. Dennis
Diana McMonagle
One New York Plaza
New York, NY 10004

**ATTORNEYS FOR DEFENDANT LEXINGTON INSURANCE COMPANY**

_____
**Kathryn Shapka**
**Attorney-In-Charge for Movant**